UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE M. AYERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No.  1:21-cv-00565-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** (Docs. 24, 25)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Danielle M. Ayers ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe for issuance of findings and recommendations.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole and IS not based upon proper legal standards. Accordingly, this Court will recommend reversing the agency's determination to deny benefits and remanding the matter for further proceedings.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on August 24, 2018. AR 223-25, 226-27, 228-36.[2] Plaintiff alleged that she became disabled on June 8, 2018, due to severe depression, panic anxiety disorder, obsessive eating disorder and insomnia. AR 258. Plaintiff's applications were denied initially and on reconsideration. AR 141-45, 152-57. Subsequently, Plaintiff requested a hearing before an ALJ. On May 7, 2020, ALJ Kathleen Lamb held a telephonic hearing. Plaintiff appeared with her attorney, Lars Christenson. Pat Pauline, an impartial vocational expert, also appeared and testified. AR 58-59. Following the hearing, ALJ Kathleen Lamb issued an amended order denying benefits on June 17, 2020  AR 17-32. Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied, making ALJ Lamb's decision the Commissioner's final decision. AR 5-9. This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 40-51. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 8, 2018, her alleged onset date. AR 42-43. The ALJ identified the following severe impairments: obesity, major depressive disorder, generalized anxiety disorder, panic disorder, and eating disorder. AR 43. The

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 43-45.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, except that she could perform work that needed some skills but did not require doing more complex work duties. She could persist at tasks that could be learned in up to three months on the job. She could sustain ordinary routines, understand, carry out, and remember instructions, and use judgment in making work-related decisions. She could attend and concentrate for 2-hour periods totaling a normal eight-hour workday with usual work breaks. She could respond appropriately to supervision, co-workers, and usual work situations. She could tolerate occasional interaction with supervisors and co-workers, but no interaction with the general public or engaging in any teamwork or collaboration with co-workers. She could deal with occasional changes in a routine work setting. She could perform low stress work, defined as work requiring at most occasional decisions and occasional changes in work duties and tasks. AR 45-49. With this RFC, the ALJ found that Plaintiff could not perform her past relevant work, but other work existed in the national economy that she could perform, such as kitchen helper, laborer stores, and hand packager. The ALJ therefore concluded that Plaintiff had not been under a disability from May 3, 2018, through the date of the decision. AR 50-51.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.,*

3

*Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

Plaintiff argues that the ALJ erred in evaluating the opinion of Lance Zimmerman, Ph.D. (Doc. 24 at p. 8.) The Court agrees.

### Legal Standard

Because Plaintiff applied for benefits after March 27, 2017, her claim is governed by the agency's new regulations concerning how an ALJ must evaluate medical opinions. 20 C.F.R. § 404.1520c  Under the new regulations, the Commissioner does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The Commissioner evaluates the persuasiveness of the medical opinions based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

(5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors. 20 C.F.R. § 404.1520c(b)(2). "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (internal citations omitted).

### Analysis

On May 6, 2020, Dr. Zimmerman, Plaintiff's treatment provider, completed a check-box Mental Medical Source Statement form. AR 593-98. Dr. Zimmerman diagnosed Plaintiff with a panic disorder, but noted that she was not taking any medications. He described clinical findings to include "[d]elusional thoughts, multiple symptoms of panics, trouble focusing, obsessive thinking and amplification of beliefs." AR 593. Plaintiff's prognosis was fair, and she could achieve higher level of functioning with ongoing therapy. Dr. Zimmerman also identified Plaintiff's signs and symptoms to include: appetite disturbance with weight change, decreased energy, thoughts of suicide, feelings of guilt or worthlessness, impairment in impulse control, generalized persistent anxiety, difficulty thinking or concentrating, psychomotor agitation or retardation, persistent disturbances of mood or affect, apprehensive expectation, recurrent obsessions or compulsion which were a source of marked distress, delusions, sleep disturbance, and recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week. AR 594.

For unskilled work, Dr. Zimmerman opined that the following mental abilities and aptitudes were unlimited or very good: understand and remember very short and simple interactions, carry out very short and simple instruction, maintain regular attendance and be punctual within customary, usually strict tolerances, make simple work-related decisions, accept instructions and respond appropriately to criticism from supervisors, be aware of normal hazards and take appropriate precautions, and carry out detailed instructions. AR 595. The following mental abilities and aptitudes were limited but satisfactory: remember work-like procedures, maintain attention for two hour

1  segment, sustain an ordinary routine without special supervision, work in coordination with or
2  proximity to others without being unduly distracted, complete a normal workday and workweek
3  without interruptions from psychologically based symptoms, perform at a consistent pace without an
4  unreasonable number and length of rest periods, ask simple questions or request assistance, and get
5  along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes.
6  AR 595.  However, Plaintiff was unable to meet competitive standards, which means noticeable
7  difficulty from 21 to 41 percent of the workday or work week, for the following mental abilities and
8  aptitudes:  respond appropriately to changes in a routine work setting and deal with normal work
9  stress.  AR 595.

        For semi-skilled and skilled work, Dr. Zimmerman opined that Plaintiff had an unlimited or very good ability to carry out detailed instructions and a limited but satisfactory ability to understand and remember detailed instructions and set realistic goals or make plans independently of others.  Yet, she was unable to meet competitive standards (from 21 to 40 percent of the workday or workweek) in dealing with the stress of semiskilled and skilled work.  AR 596.

        For particular types of jobs, Dr. Zimmerman opined that Plaintiff had an unlimited or very good ability to interact appropriately with the general public and adhere to basic standards of neatness and cleanliness and she had a limited but satisfactory ability to maintain socially appropriate behavior, travel in unfamiliar places and use public transportation.  Dr. Zimmerman indicated that Plaintiff tended to have high anxiety and panicked in uncertain and high-stress situations.  AR 596.  On average, Dr. Zimmerman anticipated that Plaintiff's impairments or treatment would cause her to be absent from work about one day per month.  AR 597.

The ALJ found Dr. Zimmerman's opinion "not persuasive," and reasoned as follows:

> Dr. Zimmerman opines the claimant would have "noticeable difficulty" from 21 to 40 percent of the workday or workweek in responding appropriately to changes in a routine work setting and dealing with normal work stress. (Ex. 11F/4.) He further opines she [has] none to mild limitation in the other domains. (*Id.*)  He provides little support for his opinion, which he submits in checkmark box form. (*Id.*)  Dr. Zimmerman's opinion is also inconsistent with the longitudinal record. As discussed above, mental status exam findings document that although the claimant presented as tearful, anxious, "fidgety," or with a flat affect (*see*, *e.g.*, Ex. 1F/12, 10F/1, 5), she frequently presented without obvious signs of anxiety, with a mood and affect of full range, as alert and oriented, cooperative, with good

eye contact, and examiners frequently adjudged her to have normal thought content, normal thought process, and intact cognitive function, judgment and insight. (*See*, *e.g.*, Ex. 1F/8, 12, 17, 23-24, Ex. 2F/54-55, Ex. 8F/4, Ex. 10F/1, 2, 5.) These findings do not reflect marked limitations in any domain an instead support the limitations reflected in the assigned residual functional capacity. For the foregoing reasons, Dr. Zimmerman's opinion is not persuasive.

AR 28-29.

The Court finds that the ALJ's reasons for finding Dr. Zimmerman's opinion unpersuasive are not supported by substantial evidence in the record. First, the ALJ found Dr. Zimmerman's "checkmark box form" provided little support for his opinion. This invokes the supportability factor, which means the extent to which a medical source supports the medical opinion by explaining the "relevant ... objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); *Woods*, 32 F.4th at 791-92. Although an ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions, *see*, *e.g.*, *Ford v. Saul*, 950 F.3d 141, 1155 (9th Cir. 2020); *Silva v. Comm'r of Soc. Sec.*, No. 1:21-CV-01038-SAB, 2023 WL 316535, at *13 (E.D. Cal. Jan. 19, 2023), that is not the case here. A review of the form reveals that Dr. Zimmerman explained his opinion regarding Plaintiff's limitations, stating that Plaintiff tended to have high anxiety and panicked in uncertain and high stress situations. AR 596. Further, Dr. Zimmerman diagnosed a panic disorder and supported his opinion with clinical findings that included delusional thoughts, multiple symptoms of panic, trouble focusing, obsessive thinking and amplification of beliefs. AR 593. Dr. Zimmerman also identified multiple signs and symptoms, including generalized persistent anxiety, difficulty thinking or concentrating, persistent disturbances of mood or affect, apprehensive expectation, and recurrent severe panic attacks. AR 594. Dr. Zimmerman's treatment records also lend supportability to his opinion and note Plaintiff's flat affect and reports of debilitating anxiety, anxiety attacks, difficulty leaving the house, panic attacks, and stress eating. During treatment with Dr. Zimmerman, Plaintiff routinely met the criteria for Major Depressive Disorder, Recurrent, Severe without Psychotic Features. AR 586-92.

Second, the ALJ found Dr. Zimmerman's opinion inconsistent with the longitudinal record. This finding also is not supported by substantial evidence in the record. Consistency with the record is

an important factor and "means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.' *Id.* § 404.1520c(c)(2)." *Woods*, 32 F.4th at 792. As the ALJ points out, mental status exam findings document that Plaintiff presented as tearful, anxious, "fidgety," or with a flat affect. AR 29, 379 ("very anxious appearing, fidgeting & bouncing leg, tearful at times; heart "tachy"), 588 ("became tearful"), 592 (flat affect, 'became tearful"). In finding Dr. Zimmerman's opinion inconsistent with the record, the ALJ cited examinations in which Plaintiff presented without obvious signs of anxiety, with a mood and affect of full range, as alert and oriented, cooperative, with good eye contact, and with normal thought content, normal thought process, and intact cognitive function, judgment, and insight. AR 29, 384, 390-91, 445-56, 585. However, certain of the records cited by the ALJ are not wholly inconsistent with Dr. Zimmerman's opinion and show Plaintiff as tearful, with a flat affect, or anxious. AR.375 [1F/8] (tearful and tachycardic), 379 [1F/12] ("very anxious appearing, fidgeting & bounding leg, tearful at times; heart "tachy"), 588[10F/1] (tearful), 589 [10F/2] (flat affect, tearful when discussing her anxiety); 592 [10F/5] (tearful, flat affect). Moreover, the longitudinal record reflects multiple emergency room visits for anxiety/anxiety attacks, some of which were accompanied by physical symptoms, such as chest tightness or tachycardia. AR 399-410 (3/25/2018), 412-24 (3/8/2018), 430-42 (12/24/2017), 464-74 (7/16/2018), 476-85 (6/25/2018).

Based on the record, the ALJ's evaluation of Dr. Zimmerman's opinion is not supported by substantial evidence.

**Remedy**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," the Court finds remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper

course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101, n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. The decision of the Commissioner be reversed, and the case remanded to the ALJ for further proceedings consistent with this order; and

2. The Clerk of this Court be directed to enter judgment in favor of Plaintiff Danielle Ayers, and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 1, 2023**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE